WO

KM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Thad Jarvis Thompson, | No.  CV 13-01715-PHX-SPL (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Unknown Burns, et al., | |
| Defendants. | |

On August 20, 2013, Plaintiff Thad Jarvis Thompson, who is confined in the Halawa Correctional Facility in Aiea, Hawaii, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a March 3, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 31, 2014, Plaintiff filed his First Amended Complaint (Doc. 10).  The Court will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

JDDL-K

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

1  because it may possibly be amended to state a claim, the Court will dismiss it with leave
2  to amend.

## II.	First Amended Complaint

4  Plaintiff names Disciplinary Hearing Officer Burns and Investigator Williamson
5  as Defendants in the First Amended Complaint.  Plaintiff raises one claim for relief in
6  which he alleges his Fourteenth Amendment rights were violated when Defendant Burns
7  denied Plaintiff the opportunity to appeal disciplinary sanctions and when Defendant
8  Williamson denied him "the option of investigating my denial of appealing disciplinary
9  sanction."  Plaintiff alleges that his disciplinary conviction resulted in his being confined
10 in disciplinary housing where his conditions of confinement included: 23-hour lockdown,
11 solitary confinement, no access to commissary items, frequent wake-up checks, 24-hour
12 lighting, and limited exercise.  Plaintiff contends that these conditions were atypical.

13 Plaintiff seeks injunctive relief and money damages.

## III.	Failure to State a Claim

15 Where, as in this case, an inmate claims that a protected liberty interest has been
16 implicated by atypical and significant sanctions, the inmate must then specify what due
17 process safeguard he was denied, and by whom. "Prison disciplinary proceedings are not
18 part of a criminal prosecution, and the full panoply of rights due a defendant in such
19 proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

20 Procedural due process safeguards in a prison disciplinary hearing require that the
21 defendant receive: (1) written notice of the charges, no less than twenty-four hours prior
22 to the hearing; (2) a written statement by the factfinders as to the evidence relied on and
23 reasons for the disciplinary action and (3) a limited right to call witnesses and present
24 documentary evidence when it would not be unduly hazardous to institutional safety or
25 correctional goals to allow the defendant to do so.  *Wolff v. McDonnell*, 418 U.S. 539,
26 565-66 (1974).

27 Once these *Wolff* procedural protections are followed, the only function of a
28 federal court is to review the statement of evidence upon which the committee relied in

JDDL-K

making its findings to determine if the decision is supported by "some facts." *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) (citation omitted).  Due process requires simply "that there be some evidence to support the findings made in the disciplinary hearing." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

Plaintiff alleges that he was denied the ability to appeal his disciplinary conviction, but he does not allege that any of the above procedural safeguards were violated during his disciplinary hearings.   Further, Plaintiff fails to allege facts demonstrating that there was not "some evidence" to support his disciplinary conviction. Accordingly, Plaintiff has failed to state a claim.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was

dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)      If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 21st day of July, 2014.

Honorable Steven P. Logan
United States District Judge